IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEXTPOWER INC. and NEXTPOWER LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GAMECHANGE SOLAR CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-631-CFC |

**DEFENDANT GAMECHANGE SOLAR CORP.'S REPLY BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

OF COUNSEL:
Frank A. DeCosta III, Ph.D.
Christian Sanders
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant GameChange Solar Corp.*

Jinwoo Kim
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Stanford Research Park
3300 Hillview Avenue
2nd Floor
Palo Alto, CA 94304
(650) 849-6600

Dated: August 14, 2026

## Table of Contents


I. ARGUMENT ........................................................................................ 1

A. Nextpower's Claims for Pre-Suit Damages Should be Dismissed ........................................................................ 1

1. Nextpower Failed to Satisfy Its Burden of Pleading Compliance With 35 U.S.C. § 287(a) ........................................ 1

2. Nextpower's Analogy to *Inari* is Inapposite .............................. 2

II. CONCLUSION ........................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ....................1, 3

*Bench Walk Lighting LLC v. LG Innotek Co.*,
530 F. Supp. 3d 468 (D. Del. 2021)....................2

*Express Mobile, Inc. v. Liquid Web, LLC*,
C.A. No. 18-1177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ....................1, 3, 4

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
C.A. No. 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018)....................2, 4

*Inari Med., Inc. v. Inquis Med., Inc.*,
C.A. No. 24-1023-CFC, 2025 WL 2912857 (D. Del. Oct. 14, 2025)....................2, 3

**Statutes**

35 U.S.C. § 287(a) ....................1, 2, 3

**Other Authorities**

Rule 12(b)(6)....................3

Plaintiffs Nextpower Inc. and Nextpower LLC (together, "Nextpower") concede that the Court should "dismiss the indirect infringement allegations *without* prejudice." D.I. 23 ("Opp.") at 1 (emphasis in original). On this, there is no dispute.

That leaves only the issue of damages for alleged pre-suit infringement, which should be dismissed ***with prejudice*** because (i) Nextpower had an obligation to affirmatively plead compliance with 35 U.S.C. § 287(a) and (ii) failed to do so. Nextpower does not actually dispute either of these points. Therefore, GameChange's motion should be granted.

# I. ARGUMENT

## A. Nextpower's Claims for Pre-Suit Damages Should be Dismissed

### 1. Nextpower Failed to Satisfy Its Burden of Pleading Compliance With 35 U.S.C. § 287(a)

Nextpower acknowledges in its answering brief, a Plaintiff seeking pre-suit damages has the burden to plead compliance with the marking statute, 35 U.S.C. § 287(a). *See* D.I. 23 ("The patentee bears the burden of pleading *and proving* it.") (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)). There is no dispute on that point.

If, as here, a Plaintiff fails to plead compliance with 35 U.S.C. § 287(a), it has failed to meet its pleading burden and its claims for pre-suit damages should be dismissed ***with prejudice***. *See, e.g.*, *Express Mobile, Inc. v. Liquid Web, LLC*, C.A. No. 18-1177-RGA, 2019 WL 1596999, at *2 (dismissing, with prejudice, plaintiff's

claims for past damages for failure to plead compliance with § 287(a)) (D. Del. Apr. 15, 2019); *Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, C.A. No. 17-1086-LPS, 2018 WL 5669168, at *15 (D. Del. Nov. 1, 2018) (recommending dismissal, with prejudice, of plaintiff's claims for past damages for failure to plead compliance with § 287(a)).

Nextpower does not dispute that it failed to meet its burden of pleading compliance with § 287(a) anywhere in the FAC (*see generally* D.I. 23), therefore Nextpower's claim for damages for alleged pre-suit infringement should be dismissed ***with prejudice***.

### 2. Nextpower's Analogy to *Inari* is Inapposite

Acknowledging that it has not met its pleading burden, Nextpower instead draws a false equivalence by analogizing to *Inari* and asking the Court to vitiate the requirement to plead compliance with § 287[1] that has been repeatedly confirmed by both the Federal Circuit and this District. Opp. at 3-5 (citing *Inari Med., Inc. v. Inquis Med., Inc.*, C.A. No. 24-1023-CFC, 2025 WL 2912857 (D. Del. Oct. 14, 2025)). In *Inari*, the Court held that a demand for enhanced damages due to willfulness is not

[1] This pleading requirement is not a high bar, as even a simple statement that the plaintiff has complied with the statute and "does not currently distribute, sell, offer for sale, or make products embodying the [a]sserted [p]atents" is sufficient. *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 493-494 (D. Del. 2021). That Nextpower asks the Court to ignore this unambiguous requirement indicates that Nextpower cannot plead compliance in good faith. Its claims for pre-suit damages should be dismissed ***with prejudice***.

a claim for relief subject to dismissal under Rule 12(b)(6) but rather relief that can be granted "upon claim of direct, induced, or contributory infringement." *Inari*, 2025 WL 2912857, at *4.

But Nextpower is wrong when it contends that "[n]othing distinguishes pre-suit damages from the demand in *Inari*." Opp. at 4. A claim for pre-suit damages is a claim for damages flowing from alleged infringement occurring before the filing of the suit. Nextpower's deficient pleading bars any recovery for alleged infringement occurring prior to the FAC. *See Arctic Cat*, 876 F.3d at 1366 ("The patentee bears the burden of pleading" compliance with § 287(a)). Unlike willfulness, which is a form of relief which may enhance the relief available from an underlying claim of infringement, *Inari* 2025 WL 2912857, at *4, what GameChange asks the Court to dismiss here is Nextpower's claims of infringement occurring prior to the filing of the FAC (D.I. 6).

Indeed, while the Court explained in *Inari* that "a plaintiff need not allege in the complaint facts that show it is entitled to" enhanced damages, *id.*, it is black letter Federal Circuit and District law that compliance with § 287(a) ***must be pled***. *See*, *e.g.*, *Arctic Cat*, 876 F.3d at 1366; *Express Mobile*, 2019 WL 1596999, at *2. Nextpower's contention that failure to mark "cannot be resolved at the pleading stage with prejudice," Opp. at 4-5, is more misdirection. No one is asking the Court

to weigh whether Nextpower has pled ***enough.*** The undisputed fact is that with respect to § 287 Nextpower has pled ***nothing***.[2]

If Nextpower contended that it has complied with the marking statute, it was required to so ***plead***. Nextpower did not, and thus its claims for pre-suit infringement damages should be dismissed ***with prejudice***. *See*, *e.g.*, *Express Mobile*, 2019 WL 1596999, at *2; *Horatio Washington*, 2018 WL 5669168, at *15.

## II. CONCLUSION

For at least the foregoing reasons, the Court should grant GameChange's Motion and (1) "dismiss the indirect infringement allegations *without* prejudice," accord Opp. at 6, and (2) dismiss Nextpower's allegations of infringement to the extent they seek pre-suit damages ***with prejudice***.

*<u>/s/ Karen E. Keller</u>*
Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant*
*GameChange Solar Corp.*

OF COUNSEL:
Frank A. DeCosta III, Ph.D.
Christian Sanders
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

[2] That Nextpower itself is the party in possession of any marking-related evidence further underscores the deficiency of its FAC. *See* FAC ¶ 12 (Plaintiffs alleging "Nextpower practices its patented solar tracker technology, including the '529, '921, and '289 patents, with its NX Horizon and TrueCapture products.")

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

Jinwoo Kim
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Stanford Research Park
3300 Hillview Avenue
2nd Floor
Palo Alto, CA 94304
(650) 849-6600

Dated: August 14, 2026

**CERTIFICATE OF COMPLIANCE**

I hereby confirm that this brief complies with the type and number limitations set forth in the November 10, 2022 Standing Order Regarding Briefing in All Cases. I certify that this document contains 896 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant GameChange Solar Corp.*

Dated: August 14, 2026