**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NEXTPOWER INC. and
NEXTPOWER LLC,

Plaintiffs,

v.

GAMECHANGE SOLAR CORP.,

Defendant.

C.A. No. 1:26-cv-631-CFC

JURY TRIAL DEMANDED

# [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Nextpower Inc. and Nextpower LLC ("Nextpower") and Defendant GameChange Solar Corp. ("GameChange") in the above-captioned action, hereafter collectively referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this

Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL" or, depending on the level of protection as set forth below, "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE." The words "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

2. Any document produced before issuance of this Order with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential-Outside Attorneys' Eyes Only" or the like shall receive the same treatment as if designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d)

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," individually and collectively.

affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written

consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

a. Outside counsel of record in this Action for the Parties.

b. Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

c. Up to and including three (3) designated representatives of each of the Parties,[2] to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent. Before access is given, the representative who is proposed to be given access to CONFIDENTIAL information shall complete the Undertaking attached as Appendix B hereto, which shall be served upon the producing Party. The procedure concerning timing and objections in paragraph 5(d) shall be followed.

d. Up to five (5) outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided an expert report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected

[2] For purposes of this Paragraph, Nextpower Inc. and Nextpower LLC shall constitute a single Party.

Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. Moreover, to the extent reasonably necessary for the litigation of this Action, any Party may in good faith request the other Party's consent to designate one or more additional outside consultants or experts, and the other Party shall not unreasonably withhold such consent.

e. Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

f. The Court and its personnel.

6. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation ofconfidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in

the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

9. For Protected Material designated CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information. Only individuals listed in paragraphs 5(a-b)

and (d-f) shall have access to material designated HIGHLY CONFIDENTIAL - SOURCE CODE.

10. To the extent production of Source Code becomes necessary in this case, the following additional provisions shall apply:

a. Absent agreement by the producing Party, access to Source Code shall be provided on no more than two "stand-alone" computer(s) (i.e., the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer). The stand-alone computer(s) shall be kept in a secure location at the offices of the producing Party's outside litigation counsel, or at such other location as the producing Party and receiving Party mutually agree. If the producing Party objects to a particular location for the review of Source Code, the producing Party and the receiving Party agree to meet and confer in good faith regarding such objection and present the dispute to the Court if they are not able to reach agreement. The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive of the computer(s). The producing Party shall produce Source Code in computer searchable format on the stand-alone computer(s). The stand-alone computer(s) shall, at the receiving Party's request, include reasonable analysis tools and translation software appropriate for the type of Source Code and language of any comments except that the receiving Party cannot use any compilers, interpreters, or simulators in connection with the Source Code absent consent of the producing Party. The receiving Party shall be responsible for providing the tools, licenses to the tools and/or software that it wishes to use to the producing Party at least seven (7) days in advance of the inspection at its own expense so that the producing Party may install such tools and software on the stand-alone computer. If the producing Party objects to particular software tools or software proposed by the receiving Party, the producing Party and receiving Party agree to meet and confer regarding such objection and to present the dispute to the Court if they are not able to reach agreement.

b. The receiving Party may request paper copies of no more than ten (10) consecutive pages of Source Code for a total of not more than two hundred (200) pages that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code other than electronically as set forth in subparagraph (a) in the first instance. Should the receiving Party believe that more than the prescribed number of consecutive pages or total pages of Source Code are needed, the receiving Party will explain the need for additional pages to the Producing Party in writing and the parties will meet and confer in good faith in an effort to resolve the issue. The producing Party shall provide two (2) copies of all such Source Code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." Except as otherwise expressly provided for herein, no additional physical or electronic copies of such documents may be made.

c. The receiving Party shall provide at least five (5) business days' notice to access the Source Code and shall identify all persons, including members of the receiving Party's Outside Counsel of Record, who will review a producing Party's Source Code on behalf of a receiving Party at that inspection. The receiving Party shall have access to the stand-alone secure computer(s) only during business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time at the reviewing location. Access to the standalone computer(s) shall be limited to experts retained by the receiving party and two (2) outside counsel representing the receiving party, all of whom have been approved under the protective order in place. The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the producing Party's outside litigation counsel shall not unreasonably hinder the receiving Party's ability to efficiently conduct the prosecution or defense in this case. Proper identification of all Source Code reviewers shall be provided prior to any access to the stand-alone secure computer. All persons who will review Source Code on behalf of a receiving Party shall be identified in writing to the producing Party at least five (5) business days in advance of the first time that such person reviews such Source Code. The producing Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone

computer(s) in order to access the produced Source Code on the stand- alone secure computer(s). For subsequent reviews taking place on non-consecutive business days by such persons, the receiving Party shall give at least three (3) business days' notice to the producing Party of such review. The parties agree to cooperate in good faith and to make reasonable efforts to accommodate requests for access outside of normal business hours when such access is necessary.

d. Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney client privileged information.

e. The receiving Party shall maintain all paper copies of any portions of the Source Code provided by the producing Party in a secured, locked area. The receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format except as necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report). Source Code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as necessary to file or serve documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. The receiving Party shall only make additional paper copies if such additional copies are necessary for deposition. Any paper copies used during a deposition must not be given to or left with a court reporter or any unauthorized individual, shall be referenced by Bates number on the transcript, and shall be destroyed after conclusion of the deposition. The receiving Party shall only include such excerpts as are necessary for the purposes of deciding the issue for which such part of the Source Code is being used. All materials containing Source Code that are filed with the court shall be filed under seal. A receiving Party who intends to file Source Code with the Court shall use reasonable efforts to keep to a minimum the amount of Source Code included in any such filing.

11. Nothing in this Order shall require production of documents,

information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. The recipient(s) shall delete all electronic copies of such documents, information, or other material, and certify that they have done so within ten (10) days of receiving the notice of the inadvertently produced documents, information, or

other material. The Parties need not include on any privilege log any documents dated on or after June 1, 2026.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

13. If a Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the Party that designated the Designated Material, (b) use its best efforts to retrieve all copies of the Designated Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author,

addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL-

SOURCE CODE.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to

the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. Each designated party representative to whom information designated as CONFIDENTIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and

have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix B.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23. Within thirty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged

memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed, except that outside counsel of record need not delete email containing DESIGNATED MATERIAL so long as that email is subject to Data Lifecycle Management and/or other Retention Policies. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

26. Nothing in this Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any

applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

28. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as DESIGNATED MATERIAL by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the material and shall give prompt written notice to the Producing Party. Should the person seeking access to the DESIGNATED MATERIAL take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of DESIGNATED MATERIAL covered by this Order.

29. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as

though it had been "So Ordered."

30. **<u>Other Proceedings</u>**. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

FISH & RICHARDSON P.C.

*/s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (#5775)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
mabey@fr.com

Attorneys for Plaintiffs,
Nextpower Inc. and Nextpower LLC

SHAW KELLER LLP

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com

Attorneys for Defendant,
GameChange Solar Corp.

SO ORDERED this 29th day of September, 2026.

______________________________
Chief United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEXTPOWER INC. and NEXTPOWER LLC,<br><br>Plaintiffs,<br>v.<br><br>GAMECHANGE SOLAR CORP.,<br><br>Defendant. | C.A. No. 1:26-cv-631-CFC<br><br>JURY TRIAL DEMANDED |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ______________________________, declare that:

1. My address is

______________________________________________

My current employer is

______________________________________________

My current occupation is

______________________________________________

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature ____________________________

Date ____________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEXTPOWER INC. and<br>NEXTPOWER LLC,<br><br>Plaintiffs,<br>v.<br><br>GAMECHANGE SOLAR CORP.,<br><br>Defendant. | C.A. No. 1:26-cv-631-CFC<br><br>JURY TRIAL DEMANDED |

**APPENDIX B**
**UNDERTAKING OF PARTY REPRESENTATIVES REGARDING PROTECTIVE ORDER**

I,______________________________________, declare that:

1. My address is

________________________________________________________.

My current employer is

____________________________________________________________

My current occupation is ________________________________

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature ______________________________

Date ______________________________