**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEXTPOWER INC. and NEXTPOWER LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GAMECHANGE SOLAR CORP.,<br><br>Defendant. | C.A. No. 1:26-cv-00631-CFC<br><br>JURY TRIAL DEMANDED |

**NEXTPOWER'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S RENEWED PARTIAL MOTION TO DISMISS**

Warren K. Mabey, Jr. (#5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Email: *mabey@fr.com*

*Attorneys for Plaintiffs
Nextpower Inc. and Nextpower LLC*

Dated: November 9, 2026

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS .............................. 1

II. SUMMARY OF ARGUMENT ............................................................ 1

III. STATEMENT OF FACTS ................................................................ 2

IV. ARGUMENT ....................................................................................... 3

A. Rule 12(b)(6) Does Not Reach Nextpower's Demand for Damages Under § 284.................................................................. 3

B. Courts Have Dismissed Claims Under § 287(a) Where the Failure to Mark Expired Patents Left Plaintiff No Relief at All; Nextpower's Claims Stand With or Without Pre-Suit Damages........................................................................................ 5

V. CONCLUSION ..................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ....................4

*Inari Med., Inc. v. Inquis Med., Inc.*,
No. 24-1023-CFC, 2025 WL 2912857 (D. Del. Oct. 14, 2025) .................... *passim*

*Lans v. Digital Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) .................... 2, 6

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
186 F.4th 1372 (Fed. Cir. 2026) .................... 2, 5

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 4:23-cv-02961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024), *aff'd,* 186 F.4th 1372 (Fed. Cir. 2026) ....................5

**Statutes**

35 U.S.C. § 284 .................... 1, 3, 4

35 U.S.C. § 287(a) .................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) .................... *passim*

## I. NATURE AND STAGE OF THE PROCEEDINGS

Nextpower sued GameChange on June 1, 2026, for infringement of three patents (the "Initially Asserted Patents"). D.I. 1; D.I. 6. GameChange moved to dismiss in part, D.I. 17, and Nextpower opposed in part, D.I. 23. Nextpower then filed a Second Amended Complaint, which adds another patent GameChange infringes. D.I. 34 ("SAC"). The Court denied GameChange's original motion as moot on October 13, 2026.

GameChange has renewed its motion on a single ground. It asks the Court to dismiss Nextpower's "claims for pre-suit damages for the Initially Asserted Patents" for failure to plead compliance with 35 U.S.C. § 287(a). D.I. 39; D.I. 41. GameChange does not challenge the sufficiency of any of the SAC's four infringement claims, Nextpower's demand for damages from the filing of suit forward, for an injunction, or any allegation concerning the newly added patent.

## II. SUMMARY OF ARGUMENT

1. GameChange's renewed motion targets a demand for relief, not a claim. This Court has held that "neither a demand for damages under § 284 nor an accusation of willful infringement is a claim for relief subject to dismissal under Rule 12(b)(6)." *Inari Med., Inc. v. Inquis Med., Inc.*, No. 24-1023-CFC, 2025 WL 2912857, at *4 (D. Del. Oct. 14, 2025). Any damages for infringement before June 1, 2026 would be part of Nextpower's demand for damages under § 284. Section

287(a) limits the amount of those damages; it is not an element of any claim and therefore not subject to dismissal under Rule 12(b)(6).

2. GameChange's authorities do not address the facts of this case. GameChange's renewed brief does not address *Inari* at all, and every district court decision it cites predates *Inari*. Federal Circuit decisions that affirmed dismissal at the pleading stage on marking grounds, such as *VDPP* and *Lans*, involved expired patents, where failure to comply with § 287(a) left the plaintiff no relief at all. None of the Initially Asserted Patents has expired, and GameChange does not dispute that Nextpower may recover damages and other relief from the filing of suit forward.

## III. STATEMENT OF FACTS

The SAC pleads four claims of infringement and a demand for damages that is not specific as to time. It alleges that GameChange's Genius Tracker products directly infringe at least one claim of each Initially Asserted Patent. SAC ¶¶ 25-26, 32-33, 39-40. The SAC alleges that GameChange's infringement is continuing and that Nextpower will be irreparably harmed unless GameChange is enjoined, and it requests a permanent injunction. *Id.* ¶¶ 25, 28, 32, 35, 39, 42, Prayer (e). For each patent, the SAC alleges that GameChange is liable for "damages in an amount that adequately compensates for its infringement." *Id.* ¶¶ 29, 36, 43. The prayer requests damages "in an amount sufficient to compensate [Nextpower] for

Defendant's infringement," together with "all other damages permitted under 35 U.S.C. § 284." *Id.*, Prayer (f). The SAC also alleges that Nextpower practices the asserted patents with its NX Horizon and TrueCapture products. *Id.* ¶ 13.

## IV. ARGUMENT

### A. Rule 12(b)(6) Does Not Reach Nextpower's Demand for Damages Under § 284.

The reasoning of this Court's decision in *Inari* resolves GameChange's motion: a demand for damages under § 284 falls outside Rule 12(b)(6), which reaches only a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Damages under § 284 are "relief that can be granted upon a claim of direct, induced, or contributory infringement"; they are "not a claim upon which relief can be granted." 2025 WL 2912857, at *4. "In sum, neither a demand for damages under § 284 nor an accusation of willful infringement is a claim for relief subject to dismissal under Rule 12(b)(6)." *Id.* The Court acknowledged that it had erred in previously granting Rule 12(b)(6) motions to "dismiss" demands for enhanced damages, and it said that it "will not entertain in a Rule 12(b)(6) motion a request to dismiss, or otherwise preclude a plaintiff from seeking, a demand for enhanced damages under § 284." *Id.* Although *Inari* arose in the enhanced-damages context, its holding is framed in terms of any "demand for damages under § 284," and its reasoning applies with equal force here: Rule 12(b)(6) tests claims, not remedies.

GameChange's motion asks for exactly what *Inari* forecloses. The SAC pleads four claims of infringement, and GameChange challenges none of them. What GameChange seeks to "dismiss" is a potential portion of Nextpower's demand for compensatory damages under § 284 that is attributable to infringement before June 1, 2026. D.I. 41 at 6. That is a request to "preclude a plaintiff from seeking" part of a demand for damages under § 284.

The text of § 287(a) confirms that it limits recovery, not liability. Absent marking, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement," and "[f]iling of an action for infringement shall constitute such notice." 35 U.S.C. § 287(a). Infringement before notice remains infringement; § 287(a) governs only how far back damages reach. GameChange's earlier attempt to distinguish *Inari* therefore fails. GameChange has recast its motion as one to dismiss "Nextpower's claims of infringement occurring prior to the filing of the FAC," D.I. 24 at 3, but the SAC pleads one claim of infringement per patent, spanning the entire period of infringement. There is no separate "pre-suit" claim to dismiss.

Nor does the patentee's burden under § 287(a) change the analysis. Nextpower has acknowledged that a patentee seeking pre-notice damages bears the burden of pleading and proving compliance with Section 287. D.I. 23 at 4 (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed.

Cir. 2017)). But the existence of that burden does not answer or even relate to the question *Inari* decided: whether Rule 12(b)(6) is a vehicle for trimming the remedy available on a claim that is adequately pleaded. It is not.

### B. Courts Have Dismissed Claims Under § 287(a) Where the Failure to Mark <u>Expired</u> Patents Left Plaintiff No Relief at All; Nextpower's Claims Stand With or Without Pre-Suit Damages.

Nothing in GameChange's authorities displaces *Inari.* GameChange does not cite, let alone distinguish, *Inari,* and every district court decision GameChange cites predates *Inari*. Nextpower does not dispute that a failure to plead marking can dispose of a plaintiff's entire claim in some circumstances. Those circumstances are not present here.

The Federal Circuit's decision in *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, 186 F.4th 1372 (Fed. Cir. 2026), is consistent with *Inari.* The court there recently stated that "[b]ecause VDPP sought pre-suit damages, VDPP had a burden to plead compliance with the notice provision of 35 U.S.C. § 287(a)," and affirmed a dismissal of the plaintiff's *complaint* without leave to amend for failure to satisfy the marking requirement. *Id.* at 1376–78. But the patent in *VDPP* "had expired 18 months before VDPP filed this lawsuit," so pre-suit damages were the *only* relief available, and the failure to satisfy § 287(a) thus meant that "VDPP lacks a basis for its patent infringement claims." *VDPP, LLC v. Volkswagen Grp. of Am., Inc.,*

No. 4:23-cv-02961, 2024 WL 1313899, at *5 (S.D. Tex. Mar. 27, 2024), *aff'd,* 186 F.4th 1372 (Fed. Cir. 2026).

The same is true of *Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001). Because § 287(a) barred damages for the entire term of an expired patent, and the court "cannot enjoin the [defendants] from infringing an expired patent," the patentee "has not stated a claim on which relief may be granted." *Id.* at 1328.

Those decisions illustrate when § 287(a) defeats a claim itself: when it forecloses all available relief. Neither decision addressed whether Rule 12(b)(6) permits a court to excise part of the potential damages demand from a claim that admittedly states a valid claim for relief. That is the question here, and *Inari* answers it.

Nextpower's claims survive whether or not pre-suit damages do. None of the Initially Asserted Patents has expired, *see* SAC ¶¶ 9-11 & Exs. A-C, and GameChange does not suggest otherwise. The SAC seeks an injunction and damages for continuing infringement. SAC ¶¶ 28, 35, 42; *id.,* Prayer (e)-(f). GameChange does not dispute that Nextpower may recover damages from the filing of suit forward. Each infringement claim therefore states "a claim upon which relief can be granted," and the Rule 12(b)(6) inquiry ends there.

## V. CONCLUSION

The Court should deny GameChange's renewed partial motion to dismiss. If the Court nonetheless reaches § 287(a), any dismissal should be without prejudice. Whether Nextpower may recover pre-suit damages turns on facts outside the pleadings, and a dismissal with prejudice would decide that question on no record at all.

Dated: November 9, 2026

Respectfully submitted,

**FISH & RICHARDSON P.C.**

*/s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (No. 5775)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Email: *mabey@fr.com*

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Email: *scherkenbach@fr.com*

Michael R. Headley
Leeron G. Kalay
Claire Chang
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Email: *headley@fr.com; kalay@fr.com; cchang@fr.com*

Eli Svetlov
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Email: *svetlov@fr.com*

*Attorneys for Plaintiffs*
*Nextpower Inc. and Nextpower LLC*

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss contains 1,453 words (exclusive of the title, caption, tables, and signature block) in Times New Roman 14-point font.

Dated: November 9, 2026

*/s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr.